```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


OLNEY PACKER,                     :
                                  :
     Petitioner,                  :
                                  :
vs.                               :      CIVIL ACTION 14-0402-KD-M
                                  :
LEON FORNISS,                     :
                                  :
     Respondent.                  :
```

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Leon Forniss and against Petitioner Olney Packer pursuant to 28 U.S.C. § 2244(d).  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of manslaughter in the Mobile

County Circuit Court on July 29, 1981 for which he received a sentence of life in the state penitentiary (*see* Doc. 9, Exhibit RX-1, p. 4).  On appeal, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 4, p. 5).  Packer sought *certiorari*, but the Alabama Supreme Court denied it; on that same day, April 2, 1982, the certificate of final judgment was entered (*see* Doc. 9, Exhibit RX-1, p. 6).

On January 19, 1983, Petitioner filed a petition for writ of error coram nobis that was denied (*see* Doc. 9, Exhibit RX-1, p. 6).  The Court of Criminal Appeals affirmed the denial and, on July 28, 1983, entered a certificate of judgment (*see* Doc. 9, Exhibit RX-1, pp. 6-7).

On April 15, 1997, Packer filed a State Rule 32 petition; it was denied as untimely and successive (*see* Doc. 9, Exhibit RX-1, p. 9).  The denial was affirmed by the Alabama Court of Criminal Appeals and a certificate of judgment was issued on November 18, 1997 (Doc. 9, Exhibit RX-1, p. 10).

On July 12, 2004, Petitioner filed a Motion to Modify that was denied (Doc. 9, Exhibit X-1, pp. 11-13).  The Alabama Court of Criminal Appeals reclassified the Motion as a State Rule 32 petition and dismissed it because Packer had not paid a filing fee, rendering the Circuit Court's judgment void and unsupportive of an appeal; a certificate of judgment was issued

on January 14, 2005 (Doc. 9, Exhibits RX-6 and RX-7).

On October 26, 2012, Packer filed another State Rule 32 petition that was denied as untimely and successive (Doc. 9, Exhibit RX-8, pp. 1-2). The Alabama Court of Criminal Appeals affirmed the lower court decision, finding that Petitioner had abandoned the only claim raised in the lower court and raised a new claim that had not been previously raised (Doc. 9, Exhibit RX-8). A certificate of judgment was issued on July 5, 2013 (Doc. 9, Exhibit RX-9).

Packer filed his final Rule 32 petition on November 14, 2013; the trial court dismissed the petition, finding the claims unsupported by the asserted facts and without merit (Doc. 9, Exhibit RX-10, pp. 13-23, 46-49). The Alabama Court of Criminal Appeals affirmed the decision and, on July 2, 2014, issued a certificate of judgment (Doc. 9, Exhibits RX-11 and RX-12).

Petitioner filed a complaint with this Court on September 18, 2014 raising the following claims: (1) The trial court lacked jurisdiction to sentence him; and (2) his sentence exceeds the maximum allowed by statute (Doc. 4).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 9, pp. 9-12). Respondent refers to provisions of the Anti-Terrorism and Effective Death

Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  The Eleventh Circuit Court of Appeals held that the one-year limitations period would begin to run on that date, April 24, 1996, for potential habeas petitioners whose convictions had already become final by way of direct review.  *Goodman*, 151 F.3d at 1337; *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).  In other words, the Eleventh Circuit Court of Appeals established a "grace period" through April 23, 1997 so that federal and state criminal defendants would not lose the opportunity to seek federal habeas review.

Petitioner's conviction became final on April 2, 1982, the day on which the certificate of judgment was entered (Doc. 9,

4

Exhibit RX-4).  As such, Packer's conviction became final prior to the effective date of the AEDPA.  So, Petitioner had until April 23, 1997 to file this petition.

Petitioner's habeas corpus petition was not filed in this Court until September 18, 2014, more than seventeen years after the grace period had expired.  Petitioner had filed a Rule 32 petition in state court on April 15, 1997 (Doc. 9, Exhibit RX-1, p. 9), just before the AEDPA the grace period expired.  The Court notes that AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  However, Packer's petition was not properly filed as it was untimely, so it did not toll the AEDPA limitations period.  Petitioner did not file another Rule 32 until July 12, 2004, but the limitations period had been concluded for more than seven years at that point.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d).  Petitioner has asserted that he is actually innocent of the four convictions that were used to enhance his sentence and that this provides cause for his tardy filing (Doc.

11).

The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Petitioner offers only assertions of his innocence. There is no offer of new evidence. The Court finds that Petitioner has made no showing of actual innocence and has not overcome the statute of limitations problem presented. The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and

Effective Death Penalty Act of 1996: this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Leon Forniss and against Petitioner Olney Packer pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Packer has not filed this action in a timely manner, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that he should be allowed to proceed further.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within

8

fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 20th day of February, 2015.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE